UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SAN JOAQUIN RIVER GROUP
AUTHORITY,

        Plaintiff,

    v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; LISA P.
JACKSON, in her official capacity as
Administrator of the United States
Environmental Protection Agency; and
JARED BLUMENFELD, in his official
capacity as Regional Administrator for
Region 9 of the United States
Environmental Protection Agency,

        Defendants.
_____/

Case No. 2:11-CV-03243-JAM-KJN

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS FOR LACK OF
JURISDICTION**

    Before the Court is a Motion to Dismiss for Lack of Jurisdiction filed by Defendants, the United States Environmental Protection Agency; Lisa P. Jackson, in her official capacity as Administrator of the United States Environmental Protection Agency; and Jared Blumenfeld, in his official capacity as Regional Administrator of Region 9 of the United States Environmental Protection Agency (collectively "Defendants" or "EPA") [Dkt. #11]. The claims sought to be dismissed are asserted by Plaintiff, the San Joaquin River Group Authority, in the Complaint for Declaratory and Injunctive Relief [Dkt. #1]. Plaintiff's claims regard a decision made by EPA on October 11, 2011, pursuant to Section 303(d) of the Clean Water Act, 33 U.S.C. § 1313(d), to add several segments of waterbodies to the State of California's list of waters that are impaired due to the presence of pollutants and to disapprove the State's failure to list those waters in its proffered list. The first three claims, generally speaking, take issue with EPA's determination that the Old River and portions of the San Joaquin River are impaired due to salinity, a pollutant. The remaining three claims challenge EPA's determination that the

"Lower Tributaries," i.e., the San Joaquin River below the Merced River confluence and the Stanislaus, Tuolumne, and Merced Rivers, are impaired due to another pollutant, temperature. The crux of all claims is that EPA's disapproval and listing decision is unsupported, i.e., "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" within the meaning of the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706.

After careful consideration of the Motion, Plaintiff's Opposition [Dkt. #13], and EPA's Reply [Dkt. #15], as well as the arguments of counsel during oral argument on May 16, 2012, the Court concludes that it lacks jurisdiction over Plaintiff's claims on the grounds asserted by EPA. The Court communicated this determination from the bench at the conclusion of oral argument [Dkt. #s 16, 17], and this Order of Dismissal elaborates on the Court's reasoning.[1]

**I.     BACKGROUND**

EPA's disapproval and listing decision is but a predicate step of a larger statutory process. The next step under the Clean Water Act is for California, through its State Water Resources Control Board and Regional Water Quality Control Boards, to develop total maximum daily loads ("TMDLs") for the impaired waterways. 33 U.S.C. § 1313(d)(1). The State will then submit the TMDLs to EPA for approval or disapproval. 33 U.S.C. § 1313(d)(2). Ultimately, the State will choose "both if and how" it will implement the nonpoint sources provisions of any TMDL approved or promulgated by EPA. Pronsolino v. Nastri, 291 F.3d 1123, 1126-27 (9th Cir. 2002) (emphasis added). EPA does not approve or disapprove a state's implementation plan.

To date, with respect to the waters added by EPA to the State's Section 303(d) list in October 2011, no TMDL has been developed by California or approved by EPA. Nor has the

---

[1] As directed by the Court, counsel for Defendants, Andrew J. Doyle, submitted a proposed order within 10 days of oral argument. Counsel for Plaintiff, Kenneth Petruzzelli, reviewed the proposal and agrees that it reflects the Court's reasoning.

State adopted or begun executing any relevant TMDL implementation plan.

## II. PLAINTIFF LACKS STANDING

The Court concludes that Plaintiff lacks standing under Article III, § 2, of the Constitution and 5 U.S.C. § 702 to challenge the salinity portion of EPA's disapproval listing decision (i.e., claims one, two, and three of the complaint). As an essential element of standing, "the plaintiff must have suffered an injury in fact . . . which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (citations and quotation marks omitted). See also Director, Office of Workers' Comp. Programs, Dep't of Labor v. Newport News Shipbuilding & Dry Dock Co., 514 U.S. 122, 127 (1995) (stating that 5 U.S.C. § 702 requires "a litigant to show, at the outset of the case, that he is injured in fact by agency action") (citation omitted). With regard to the claims related to salinity, the only purported injury that Plaintiff asserts is "regulatory uncertainty and redundant regulation." Opp. at 20:17-18. The allegations are too conclusory and abstract to be cognizable. As the Ninth Circuit has explained, "[t]he injury cannot be a general or amorphous harm but must be particular, distinct and concrete." National Wildlife Fed'n v. Burford, 871 F.2d 849, 852 (9th Cir. 1989) (citation omitted).

Similarly, the Court concludes that Plaintiff lacks standing to challenge the temperature portion of EPA's disapproval and listing decision (i.e., claims four, five, and six of the complaint). Plaintiff, a joint powers authority consisting of irrigation and water districts with rights to use water in the San Joaquin River Basin (Compl. ¶ 5), acknowledges that "the temperature listing has not presently resulted in harm to the water rights" of its members. Opp. at 17:17-18 (emphasis added). That narrows the standing question to whether the purported harm, appropriation of water rights, is "imminent." It is not. It is undisputed that no TMDL for temperature has been established for the Lower Tributaries.

Moreover, the development and implementation of TMDLs related to the temperature listing are not likely to occur until many years from now. Federal law provides no fixed

deadline for the development of a TMDL following a listing decision. 33 U.S.C. § 1313(d); 40 C.F.R. § 130.7(d); San Francisco Baykeeper v. Whitman, 297 F.3d 877, 885 (9th Cir. 2002) ("[T]he EPA has not set a schedule for TMDL development.") (citing 40 C.F.R. § 130.7(d)(1)). "EPA has issued guidelines . . . suggesting that states allocate between eight and thirteen years from the time of initial listing to the development of TMDLs, in order of priority, for all waters within their borders." Baykeeper, 297 F.3d at 885 (citation omitted). See also Center for Native Ecosystems v. Cables, 509 F.3d 1310, 1319 (10th Cir. 2007) ("This process can take several years."). There is no indication from the complaint or any other information the parties have brought to the Court's attention that California will act any sooner than EPA's guidance suggests.

Further, Plaintiff's belief that the purported injury will ever occur – i.e., its assertion that EPA's disapproval and listing decision has left California with no choice but to establish and implement TMDLs for temperature in a manner that will appropriate Plaintiff's members' water rights (Compl. ¶¶16-17, 169, 221, 236-38, 253) – is entirely speculative. EPA's regulations require that each State, including California, subject the development of TMDLs to public review. 40 C.F.R. § 130.7(c)(1)(ii). That means that the Irrigation Group will have the opportunity to participate in the process. See EPA, Guidelines for Reviewing TMDLs under Existing Regulations Issued in 1992, § 11 ("EPA policy is that there should be full and meaningful public participation in the TMDL development process.") (available at http://water.epa.gov/ lawsregs/lawsguidance/cwa/tmdl/ final52002.cfm). Indeed, "[p]rovision of inadequate public participation may be a basis for [EPA's] disapproving a TMDL." Id. TMDLs are also subject to judicial review in state court. See, e.g., San Joaquin River Exch. Contractors Water Auth. v. State Water Res. Control Bd., 183 Cal. App. 4th 1110 (2010). There is simply no way for Plaintiff to know what the outcome of this process – process that

Order of Dismissal                                  -4-

has yet to occur and in which Plaintiff will have the opportunity to participate – will be.[2]

Plaintiff cites Central Delta Water Agency v. United States, 306 F.3d 938 (9th Cir. 2002), but that case is readily distinguishable.  There, the Bureau of Reclamation had adopted a water discharge operations plan.  In the present case, no TMDL has been developed or implemented.

The Court's conclusion is supported by Barnum Timber Co. v. EPA, 633 F.3d 894 (9th Cir. 2011), which involved a challenge to EPA's approval of a prior version of California's Section 303(d) list.  There, with respect to the injury-in-fact element of standing, the court found that the plaintiff had made "[a] specific, concrete, and particularized allegation of a reduction in the value of property" and had corroborated the allegation with expert affidavits "testifying to the property value reductions."  Barnum, 633 F.3d at 898.  Nothing approaching those facts can be found in the San Joaquin River Group Authority's complaint.

The Court is persuaded by Missouri Soybean Ass'n v. U.S. EPA, 289 F.3d 509 (8th Cir. 2002).  There, the plaintiff alleged that EPA's approval of the State of Missouri's Section 303(d) list injured its members because of "the inability to plan for and rely on the use of certain waters and land caused by Clean Water Act requirements," among other allegations.  289 F.3d at 511.  The Eighth Circuit upheld the district court's dismissal of the challenge, finding that any injury due to "[m]ore stringent controls on water use . . . will not occur until after TMDLs are developed and implemented.  Even then, it remains uncertain whether TMDL development or regulatory implementation will adversely impact [plaintiff]'s members."  Id. at 512.  The court concluded that "until objectionable TMDLs are developed and implemented, '[plaintiff]'s claims of harm are too remote to be anything other than speculative.'"  Id. at 513 (citation omitted).[3]  Just so here.

---

[2] Nor is there any suggestion in the complaint that the State has previously implemented TMDLs for temperature in a manner that harmed anyone's water rights.

[3] The basis for dismissal in Missouri Soybean was ripeness, although the foregoing excerpts
(continued...)

### III. PLAINTIFF'S CLAIMS ARE NOT RIPE FOR REVIEW

The Court agrees with EPA that none of Plaintiff's claims is ripe for review. A claim's ripeness depends on a two-part test: (1) whether the parties will suffer hardship if review is delayed; and (2) whether the issue is fit for judicial review. Whitman v. Am. Trucking Ass'ns, Inc., 531 U.S. 457, 479 (2001); Ohio Forestry Ass'n, Inc. v. Sierra Club, 523 U.S. 726, 732-33 (1998). Plaintiff's claims fail both parts. In light of Plaintiff's failure to demonstrate actual or imminent harm, it cannot be said that delaying judicial review will cause a "direct and immediate" hardship. See United States v. Lazarenko, 476 F.3d 642, 652-53 (9th Cir. 2007); see also Mayfield v. Dalton, 109 F.3d 1423, 1425 (9th Cir. 1997) (concluding that a claim was not ripe because any threat of harm was not "sufficiently imminent"). In addition, "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998) (internal quotations omitted). As discussed above, whether and to what extent Plaintiff may become adversely impacted by EPA's disapproval listing decision depend on a contingent sequence of events that may or may not occur.

### IV. CONCLUSION

Standing concerns who may assert claims, and ripeness concerns when claims may be asserted. The San Joaquin River Group Authority is not a proper plaintiff because EPA's Clean Water Act decision neither harms nor threatens to imminently harm its members. The San Joaquin River Group Authority's claims are premature because further steps in the statutory process, including the development of TMDLs by the State of California, have yet to occur. As EPA notes, "it is conceivable that [Plaintiff] could factually allege injury later in the process – for example, if California implements an EPA-approved TMDL for one of the waters of concern[.]" Mot. at 2:24-3:2. Accordingly,

---

[3](...continued)
would also lead to the conclusion that the plaintiff lacked standing.

Order of Dismissal                                                      -6-

1. EPA's Motion to Dismiss [Dkt. #11] is GRANTED.

2. Plaintiff's Request for Judicial Notice [Dkt. #14] is GRANTED, in that the state court decisions attached to the request are matters of public record and their authenticity is not in dispute; however, EPA's relevancy objection is sustained.

3. All claims alleged in the Complaint for Declaratory and Injunctive Relief [Dkt. #1] are DISMISSED WITHOUT PREJUDICE. See Freemand v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999).

4. No leave to amend the complaint will be granted because any such amendment at this juncture would be futile. See Cigarettes Cheaper! v. State Bd. of Equalization, No. 11-00631-JAM-EFB, 2011 WL 2560214, at *2 (E.D. Cal. June 28, 2011).

**IT IS SO ORDERED.**

DATED:  May 25, 2012                                 /s/ John A. Mendez
                                                     United States District Court Judge

Proposed order respectfully submitted by:

IGNACIA S. MORENO
Assistant Attorney General

___/s/ Andrew J. Doyle_____
ANDREW J. DOYLE, Attorney
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C.  20044
Email:  andrew.doyle@usdoj.gov
Telephone:  (202) 514-4427
Fax:  (202) 514-8865

Attorneys for Defendants EPA

Approved as to form by:

___/s/ Kenneth Petruzzelli (by AJD with consent)___

KENNETH PETRUZZELLI (SBN 227192)
**O'LAUGHLIN & PARIS LLP**

1

2  117 Meyers Street, P.O. Box 9259
   Chico, California 95927-9259
   Telephone: 530.899.9755
3  Facsimile: 530.899.1367

4  Attorneys for Plaintiff San Joaquin River Group Authority

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Order of Dismissal                                    -8-